UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID ODOM,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br><br>    Defendant. | Case No. 3:11-cv-0122<br>Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff's Motion to Amend Complaint (Docket No. 26), to which the defendant has responded (Docket No. 32), and the plaintiff has filed a reply (Docket No. 36). For the reasons discussed herein, the plaintiff's motion will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff initiated this action against the defendant, Metropolitan Life Insurance Company ("MetLife"), on February 11, 2011, for violations of the Employee Retirement Income Security Act ("ERISA"). (Docket No. 1 at 1.) The plaintiff, a former employee of Verizon Wireless, alleged that MetLife, the claims administrator of the Verizon Wireless Managed Disability Plan ("the Plan"), wrongfully failed to consider and pay short-term and long-term disability benefits owed to him as a participant of the Plan in violation of 29 U.S.C. § 1132(a)(1)(B). (Docket No. 1 at 1-2, 7; Docket No. 16 at 1.) In addition, he alleged that MetLife

1

failed to respond to his repeated requests for the production of documents and information regarding his claim for disability benefits in violation of § 1132(c)(1)(B). (Docket No. 1 at 1, 7.)

Following the commencement of this action, the court granted the parties' joint motion to remand the plaintiff's claim for benefits pursuant to § 1132(a)(1)(B) to MetLife in order to complete the administrative review of the plaintiff's claims. (Docket No. 17.) In particular, the parties agreed to remand the plaintiff's claim for short-term disability benefits to allow the plaintiff to appeal MetLife's denial of his claim under the Plan. (Docket No. 16 at 2.) Moreover, they agreed that the plaintiff would file a claim for long-term disability benefits and provide information supporting his claim to MetLife. (*Id*. at 3.)

The plaintiff thereafter filed the present motion to amend to assert two new claims against MetLife.[1] (Docket No. 26; Docket No. 27 at 1-2.) Both claims seek equitable relief under § 1132(a)(3)(B). The first claim alleges that MetLife failed to comply with ERISA's claims procedures in violation of § 1133 and 29 C.F.R. § 2560.503-1(b). (Docket No. 26, Ex. 1 at 15.) In particular, the plaintiff alleges that MetLife: (1) failed to produce requested documents and information; and (2) failed to process, consider, or respond to the plaintiff's notices of appeal,

---

[1] The proposed Amended Complaint no longer includes the plaintiff's § 1132(c)(1)(B) claim premised on MetLife's failure to disclose requested documents and information. (*See* Docket No. 26, Ex. 1.) The plaintiff asserts that because MetLife's administrative record shows that MetLife is not the plan administrator, his § 1132(c)(1)(B) claim is either moot or not supported by MetLife's documents. (Docket No. 27 at 1.)

The Amended Complaint also adds a defendant, Cellco Partnership, d/b/a Verizon Wireless. (*See* Docket No. 26, Ex. 1.) The plaintiff, however, fails to assert any claims against this new defendant. (*See id*.) Thus, this amendment would fail to survive a motion to dismiss, and accordingly, is futile. *See Midkiff v. Adams Cnty. Reg'l Water Dist*., 409 F.3d 758, 767 (6th Cir. 2005).

2

submissions of medical records, and notices of claims. (*Id*.) The second claim alleges that MetLife breached its fiduciary duty to the plaintiff when:

> (a) Metlife failed to respond to [the plaintiff's attorney's] requests for documents and information, (b) MetLife failed to inform [the plaintiff's attorney] that it did not recognize [the plaintiff] as having an active or appealable claim, (c) MetLife failed to inform [the plaintiff] that it was not the Plan Administrator, (d) MetLife failed to inform [the plaintiff's attorney] that requests for Plan documents and ... information should be directed to Verizon, [and] (e) MetLife failed to produce all documents and information - including the Plan documents and information described by 29 U.S.C. § 1024(b)(4) - responsive to [the plaintiff's attorney's] written requests.

(*Id*.)

## ANALYSIS

### I. Motion for Leave to Amend - Legal Standard

In general, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In ruling on a motion for leave to amend, the court may consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. . . . Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."
*Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "A motion for leave to amend may be denied for futility if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(internal

3

quotation omitted). Despite these rationales for denying leave to amend, in general, the mandate that leave is to be "freely given . . . is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. The Plaintiff's Motion

MetLife argues that the plaintiff's motion to amend should be denied as futile because the amended claims cannot withstand a motion to dismiss. (Docket No. 32 at 1.) In particular, MetLife argues that the plaintiff is precluded from asserting a separate cause of action for procedural ERISA violations under 29 U.S.C. § 1132(a)(3) because § 1132(a)(1)(B) and (c)(1)(B) otherwise provide relief. (*Id.* at 8.) Moreover, even if the plaintiff could maintain a separate cause of action for procedural violations under § 1132(a)(3), MetLife argues that it would be moot because the plaintiff has already received the appropriate remedy for the alleged failure to follow proper claims procedures: remand of the underlying claim for benefits to the claims administrator. (*Id.* at 2.) MetLife also contends that the plaintiff's cause of action for breach of fiduciary duty under § 1132(a)(3) is, like his cause of action for procedural violations, barred because relief is otherwise available to the plaintiff under § 1132(a)(1)(B) and (c)(1)(B). (*Id.*)

Each of the plaintiff's proposed claims is brought under 29 U.S.C. § 1132(a)(3). In *Varity Corp. v. Howe*, the Supreme Court held that ERISA § 502(a)(3), a provision identical to § 1132(a)(3), was a "catchall" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [§1132] does not elsewhere adequately remedy." 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). 29 U.S.C. § 1132 provides, in pertinent part:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought –

4

> (1) by a participant or beneficiary–
>
>> (A) for the relief provided for in subsection (c) of this section, or
>>
>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
>> ...
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
>
>> ...
>
> (c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form
>
> (1) Any Administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132. The Sixth Circuit Court of Appeals has interpreted *Varity* as clearly limiting "the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998).

### A. Procedural Violations Claim

The plaintiff's first amended claim under § 1132(a)(3) alleges that MetLife failed to comply with ERISA's claims procedures in violation of § 1133[2] and 29 C.F.R. § 2560.503-1(b)[3]. In particular, the plaintiff alleges that MetLife: (1) failed to disclose responsive documents and information; and (2) failed to process, consider, or respond to the plaintiff's notices of appeal, submissions of medical records, and notices of claims. (Docket No. 26, Ex. 1 at 15.)

In essence, this amended claim asserts the violation of procedural rights that cannot be adequately remedied under § 1132's other provisions. First, the plaintiff's procedural rights are

---

[2] 29 U.S.C. § 1133 provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall –
>
> > (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> > (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

[3] This regulation provides, in pertinent part:

> (b) Obligation to establish and maintain reasonable claims procedures. Every employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations (hereinafter collectively referred to as claims procedures).

29 C.F.R. § 2560.503-1(b).

6

distinct from his rights to benefits under the Plan. Therefore, § 1132(a)(1)(B), which is limited to remedying the violation of rights arising under the terms of a plan, cannot provide an adequate remedy for the violation of the plaintiff's procedural rights. Second, to the extent that the plaintiff alleges that MetLife violated his procedural rights by failing to disclose requested material, § 1132(c)(1)(B) cannot provide the plaintiff with an adequate remedy for this injury, because MetLife is not the plan administrator. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 2002) ("It is well established that only plan administrators are liable for statutory penalties under § 1132(c)"). Thus, because the plaintiff cannot avail himself of § 1132's other remedies, *see Wilkins*, 150 F.3d at 615, he is not barred under *Varity* from asserting a claim for procedural violations under § 1132(a)(3).

Although *Varity* does not bar the plaintiff from asserting a claim for procedural violations under § 1132(a)(3), the court nonetheless concludes that his procedural violations claim is futile. The appropriate remedy for a procedural violation of ERISA is a remand. *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 373 (6th Cir. 2009) ("Remand ... is appropriate in a variety of circumstances, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete"); *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1087 (8th Cir. 2009) (concluding that remand to claims administrator for an out-of time appeal was appropriate remedy for claims administrator's failure under § 1133 to respond to plaintiff's repeated requests for information). The plaintiff, however, has already received the remedy of a remand. Indeed, the court granted the parties' joint motion to remand the plaintiff's claim for benefits pursuant to § 1132(a)(1)(B), so that MetLife could perform a full administrative review of the plaintiff's claim for short-term and

7

long-term disability benefits. Because the plaintiff has already received the appropriate remedy for his proposed procedural violations claim, the amended claim is moot and futile.

B.      Breach of Fiduciary Duty Claim

MetLife similarly argues that the plaintiff's proposed breach of fiduciary duty claim under § 1132(a)(3) is futile under *Varity* because relief is otherwise available to the plaintiff under § 1132(a)(1)(B) and (c)(1)(B). In his Amended Complaint, the plaintiff alleges that MetLife breached its fiduciary duty by failing to disclose requested documents and information. (Docket No. 26, Ex. 1 at 16.) Moreover, the plaintiff alleges that MetLife failed to inform the plaintiff that: (1) MetLife did not recognize the plaintiff as having an active or appealable claim; (2) MetLife was not the plan administrator; and (3) the plaintiff's requests for plan documents should have been directed to Verizon. (*Id.*)

As is the case with the denial of the plaintiff's procedural rights, there is no adequate remedy under § 1132's other provisions for the alleged breach of MetLife's fiduciary duty. Indeed, § 1132(a)(1)(B) cannot provide an adequate remedy because the plaintiff's alleged injury is not the denial of benefits under the Plan, but rather the failure of an ERISA fiduciary to disclose requested material and inform the plaintiff of certain facts relevant to his claim and requests for information. Moreover, § 1132(c)(1)(B) cannot provide an adequate remedy for MetLife's failure to disclose because MetLife is not the plan administrator. *Caffey*, 302 F.3d at 584. Therefore, the plaintiff is not barred under *Varity* from asserting an amended claim for breach of fiduciary duty under § 1132(a)(3). Accordingly, this claim is not futile.[4]

---

[4] The plaintiff may very well have gained a pyrrhic victory in this instance, since §1132(a)(3), by its terms, only affords equitable relief.

## CONCLUSION

Based on the foregoing, the plaintiff's Motion to Amend Complaint (Docket No. 26) is **GRANTED** in part and **DENIED** in part. The plaintiff shall be granted leave to file an Amended Complaint asserting a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). The Amended Complaint shall otherwise be consistent with the rulings made herein.

It is so ordered.

_____
ALETA A. TRAUGER
United States District Judge

9

Case 3:11-cv-00122    Document 37    Filed 09/09/11    Page 9 of 9 PageID #: 732